UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEONARD BROWN                                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:17-CV-50-DPJ-FKB

JIM HOOD, ATTORNEY GENERAL OF THE
STATE OF MISSISSIPPI, ET AL.                                                            DEFENDANTS

ORDER

Plaintiff Leonard Brown brings this suit under state law and 42 U.S.C. § 1983 for an alleged sexual assault and related offenses he suffered while incarcerated. Defendant Officer Adrian Keys, in his official and individual capacities, seeks dismissal of Brown's claims based on Eleventh Amendment immunity, state-law immunity, and qualified immunity. Mot. [49]. For the reasons that follow, Keys's motion is granted, but Brown will be given leave to seek to amend.

I.      Background

Brown, a post-conviction state inmate, says that "Officer Lucker" sexually assaulted him on July 24, 2015, while Brown was housed at the South Mississippi Correctional Institute ("SMCI"). After that, Defendants allegedly denied Brown's requests for medical care and then retaliated against Brown for complaining about the way he had been treated. Relative to Keys, Brown alleges that he and another officer ultimately escorted Brown to SMCI's medical department and told the nurse that the warden would decide whether Brown received medical care.

Brown filed this lawsuit against a number of Defendants, including Keys, on January 23, 2017. In it, he asserts § 1983 claims for violation of his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as well as state-law tort claims.

Brown also seeks equitable relief, including a declaration that Defendants violated his rights and an injunction prohibiting future enforcement of the inmate exception to the Mississippi Tort Claims Act ("MTCA"). Miss. Code Ann. § 11-46-9(1)(m). Keys moved to dismiss the claims against him, and the issues he raised have been fully briefed.

II.     Standards

    A.      Rule 12(b)(1)

A motion under Federal Rule of Civil Procedure 12(b)(1) "challenge[s] the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject-matter jurisdiction may be found based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "[T]he party asserting jurisdiction"—here, the plaintiff—"bears the burden of proof that jurisdiction does in fact exist." *Id.*

    B.      Rule 12(b)(6)

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations

2

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

III.     Analysis

Keys seeks dismissal on three grounds. He says that the Eleventh Amendment bars claims asserted against him in his official capacity; the inmate exception of the MTCA bars all state-law claims; and qualified immunity precludes the federal claims against him in his individual capacity. In response, Brown acknowledges that the Court's previous Order [51] addressing similar motions filed by different defendants establishes "the law of the case on the similar claims here" and effectively concedes, while preserving his arguments for purposes of appeal, dismissal of his official-capacity and state-law claims against Keys. Pl.'s Mem. [53] at 2 n.4, 6–7. Keys's motion is therefore granted as to those claims, and the Court will address only the individual-capacity § 1983 claims.

Keys asserts qualified immunity as to Brown's § 1983 claims against him in his individual capacity.

> [T]he doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. This immunity protects all but the plainly incompetent or those who knowingly violate the law. Accordingly, we do not deny immunity unless existing precedent must have placed the statutory or constitutional question beyond debate. The basic steps of this court's qualified-immunity inquiry are well-known: a plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.

*Anderson v. Valdez*, 845 F.3d 580, 599–600 (5th Cir. 2016) (citation omitted, punctuation altered).

Courts use a two-step analysis to determine whether qualified immunity applies. "[A] court addressing a claim of qualified immunity must determine first whether the plaintiff has

3

adduced facts sufficient to establish a constitutional or statutory violation." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, if a violation has been alleged, the Court must determine "'whether [the officer's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question.'" *Id.* (alteration in original) (quoting *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)). And "[w]hen a defendant raises qualified immunity, the burden is on the plaintiff to 'demonstrate the inapplicability of the defense.'" *Coleman v. Marion Cty.*, No. 2:14-CV-185-DPJ-FKB, 2015 WL 5098524, at *6 (S.D. Miss. Aug. 31, 2015) (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)).

At the Rule 12(b)(6) stage, "to hold that the defendant violated the law at step one of the qualified-immunity analysis . . . is simply to say that the plaintiff has stated a claim upon which relief may be granted." *Morgan v. Swanson*, 659 F.3d 359, 384 (5th Cir. 2011); *accord Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015) ("[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." (internal quotation marks and citation omitted)). With this framework in mind, the Court addresses Brown's claims.

The sum total of the allegations against Keys are found in paragraphs 38 and 39 of the Complaint:

> 38. After being in the holding cell for three and a half days [following the alleged sexual assault], the plaintiff was allowed to go back to his regular cell when, approximately 15 minutes later, the defendants, K-9 Officer Keys (first name unknown) and Captain Johnson (first name unknown), came and escorted him to the holding area where he was told to go to the medical unit.
>
> 39. While he was in the medical unit, the plaintiff requested why it took so long to provide medical attention for his injuries caused by the sexual assault and a nurse told the plaintiff that he should not *have been* denied medical attention

4

whereupon the defendants, Officer Keys and Captain Johnson, responded that the warden would have to decide if he needed medical attention.

Compl. [1] ¶¶ 38–39 (emphasis added). Brown says these allegations show that "Keys was deliberately indifferent to Mr. Brown's need for medical treatment by a physician for a serious medical condition—a sexual assault." Pl.'s Mem. [53].

The Eighth Amendment "impos[es] a duty on prison officials to 'ensure that inmates receive adequate . . . medical care.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

> A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." The mere delay of medical care can also constitute an Eighth Amendment violation but only "if there has been deliberate indifference that results in substantial harm."

*Id.* (footnotes omitted) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). Under the "deliberate indifference" standard, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Keys says Brown's allegations fail to establish his deliberate indifference to Brown's serious medical needs. Indeed, all Keys is alleged to have done is respond to the nurse's statement that Brown should "have been" given medical care, while delivering Brown to the medical unit for treatment. Brown does not allege plausible facts that Keys denied him care or that Keys's statement to the nurse caused the denial or further delay of medical care.

These allegations fall well short of those in the case on which Brown relies, *McCorvey v. Styles*, 607 F. App'x 375, 376 (5th Cir. 2015). There, the plaintiff was an inmate who alleged he was sexually assaulted by a prison guard. An officer took the plaintiff to the prison's medical

5

unit "and expressly requested . . . that [he] be examined, including application of an oral swab and a rape kit." *Id.* The defendant, a nurse on duty, "refused that request" and the plaintiff "received neither a medical exam nor mental health treatment until he again requested assistance." *Id.* The Fifth Circuit affirmed denial of the defendant's qualified-immunity motion, finding that the defendant "refused to treat [the plaintiff's] serious medical needs despite being aware of those needs." *Id.*

Brown's allegations against Keys contain no similar facts indicating Keys effectively denied or delayed medical treatment. Brown fails to state a claim that Keys was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, so Keys is entitled to qualified immunity on the individual-capacity claims under § 1983.[1]

IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Keys's Motion to Dismiss [49] is granted. But Brown may file a motion to amend within 10 days of the entry of this Order.

**SO ORDERED AND ADJUDGED** this the 25th day of July, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] That said, in his brief, Brown argued his claim against Keys differently from the way the claim is pleaded. *See* Pl.'s Mem. [53] at 2 ("The plaintiff alleges that Officer Keys was informed about the assault and . . . the plaintiff's request for medical treatment. The plaintiff alleges that Officer Keys denied his request for medical treatment."). If Brown has nonconclusory facts he can plead consistent with Federal Rule of Civil Procedure 11 in support of this claim, the result might be different. The Court will therefore give Brown 10 days within which to file a motion to amend. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to re-filing. Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." (citation omitted)). Pursuant to Uniform Local Rule 15, any such motion should include "a proposed amended pleading [as] an exhibit."