IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LEONARD BROWN**                                                                                          **PLAINTIFF**

**VS.**                                                                              **CIVIL ACTION NO. 3:17-CV-50-DPJ-FKB**

**JIM HOOD, ATTORNEY GENERAL**
**OF THE STATE OF MISSISSIPPI, et al.**                                                        **DEFENDANTS**

### DEFENDANTS' REPLY TO PLAINTIFF'S [87] RESPONSE TO THEIR [82] MOTION FOR SUMMARY JUDGMENT

COME NOW, Defendants, Marshal Turner and Jacquelyn Banks, by and through counsel, and submit their Reply to Plaintiff's [87] Response to their [82] Motion for Summary Judgment as follows:

1. On April 16, 2019, Defendants filed a Motion for Summary Judgment on Plaintiff's remaining claims that he was denied relief in the Administrative Remedy Program regarding an RVR by Defendant Turner in August, 2015, in retaliation for making complaints about correctional officers allegedly sexually assaulting inmates, and that he complained to Defendant Banks almost a month after the July 24, 2015, attack on Officer Bolton stating he did not feel safe, but that she denied his request to transfer to another facility in retaliation for his complaints about sexual assault.

2. In support of their Motion, Defendants submitted the affidavit of Marshal Turner, which illustrated that he was the proper individual, pursuant to MDOC policy, to review Plaintiff's RVR appeal and that Plaintiff's RVR appeal was denied because the investigation revealed that Plaintiff was involved in the assault on Officer Bolton.

[82-2]. Additionally, Defendants submitted the affidavit of Jacquelyn Banks in which she testified that at all times Plaintiff was properly housed given his custody classification with MDOC. [82-1].

3. In Plaintiff's response and supporting affidavit, he does not address how housing assignment or denial of an RVR qualifies as an adverse retaliatory act, such that it would deter a person of ordinary firmness from further exercising his constitutional rights[1]. Additionally, Plaintiff does not provide any evidence that would illustrate either Defendant's intent to retaliate against him for engaging in a constitutionally protected activity.

4. Other than a blanket declaration of innocence, Plaintiff failed to rebut the undisputed fact that he was already a "C" custody offender when he was involved in an assault on a correctional officer which resulted in an RVR and being placed in administrative segregation pending the outcome of an investigation. Once the investigation was complete, Plaintiff remained in administrative segregation in order to allow for a reassessment of his classification status. During that time, Plaintiff was housed in an area appropriate for a "C" custody inmate on administrative segregation. Additionally, Plaintiff failed to raise doubts that the appeal of his RVR for assaulting Officer Bolton was rejected for any other reason than that it was clear Plaintiff had been involved in the assault. Plaintiff has submitted no evidence to establish that "but for" a

---

[1] Plaintiff also references claims related to denial of medical care and a cold cell, but these claims have already been dismissed or deemed waived. [51] at 10-11; [51] at 9, FN 2.

retaliatory motive on the part of Turner and Banks, Plaintiff would have succeeded in his RVR appeal or would not have been placed in housing appropriate for a "C" custody inmate in administrative segregation subsequent to being involved in an attack on a correctional officer.

5. Plaintiff also failed to show that all reasonable officials would have granted Plaintiff's RVR appeal or would not have placed him in housing appropriate for a "C" custody inmate in administrative segregation subsequent to his being involved in an attack on a correctional officer.

6. Finally, Plaintiff submitted no argument or evidence that he has suffered any physical injuries arising out of Banks denial of his transfer request, or out of Turner's denial of his RVR appeal. Thus, Plaintiff has failed to satisfy the physical injury element under the PLRA and his claim for compensatory damages fails.

WHEREFORE, PREMISES CONSIDERED, for all of the reasons outlined hereinabove, as well as in their Motion for Summary Judgment and supporting Memorandum, Defendants respectfully request that this Court grant their motion for summary judgment and dismiss the remaining retaliation claims against them. Defendants further request any additional or alternative relief this Court deems appropriate.

    **DATE: JUNE 21, 2019**

                                               **JACQUELYN BANKS AND**
                                               **MARSHAL TURNER**

                                                          **JIM HOOD, ATTORNEY GENERAL**
                                                          **STATE OF MISSISSIPPI**

                By:    */s/ J. Chadwick Williams*
                          J. Chadwick Williams (MSB #102158)
                          Special Assistant Attorney General

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
cwill@ago.state.ms.us

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically with the Clerk of Court and thereby gave notice to all counsel of record.

THIS the 21st day of June, 2019

                                                  */s/ J. Chadwick Williams*
                                                  J. Chadwick Williams (MSB #102158)